**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Antione Ford,
a/k/a Oba El Oludumare
Mugabe Monstsho Omorede,

                     Case No. 22-11386

          Petitioner,

                     Honorable Judith E. Levy

v.                    United States District Judge

Gary Miniard,          Magistrate Judge Kimberly G. Altman

          Respondent.

_____/

**OPINION AND ORDER TRANSFERRING THE CASE TO THE**
**UNITED STATES COURT OF APPEALS FOR THE SIXTH**
**CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Antione Ford, ("Petitioner"), who is confined at the Central
Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se*
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
Petitioner, under the alias of Oba El Oludumare Mugabe Monstsho
Omorede, argues that the State of Michigan lacked jurisdiction to
prosecute him because he is the King of the Omorede Tribe of North
America and a sovereign citizen.

Petitioner was convicted following a jury trial in the Kent County
Circuit Court. Petitioner challenges his conviction for two counts of using

a child for sexually abusive activity, Mich. Comp. Laws § 750.145c(2), two counts of transporting a female person for prostitution, Mich. Comp. Laws § 750.459, two counts of pandering, Mich. Comp. Laws § 750.455, and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12.

Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A), the Court will transfer the matter to the Court of Appeals so that Petitioner may seek permission to proceed.

## I. Background

Petitioner filed a federal habeas corpus petition, which was denied on the merits. *Ford v. Berghuis*, No. 1:05-cv-00098 (W.D. Mich. Mar. 9, 2007) (adopting the Report and Recommendation of the Magistrate Judge). Petitioner has since been twice denied permission by the Sixth Circuit to file a successive federal habeas petition. *In re Ford,* No. 11-2565 (6th Cir. Sept. 13, 2012); *In re Ford,* No. 13-1130 (6th Cir. Apr. 17, 2014).

## II. Discussion

Petitioner has filed a previous petition for a writ of habeas corpus challenging his conviction. An individual seeking to file a second or

successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). For successive petitions, the United States Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at

3

the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The fact that Petitioner filed his habeas petition under 28 U.S.C. § 2241 and not under 28 U.S.C. § 2254 does not permit him to circumvent the limitations on the filing of successive habeas petitions found in 28 U.S.C. § 2244 (b)(3)(A). Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). 28 U.S.C.§ 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions ...support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the AEDPA for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original). The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 thus apply equally to habeas petitions filed under 28 U.S.C. § 2241 by a person who is in custody pursuant to a state court judgment. *Id.,* at 336–37. Petitioner must therefore seek authorization from the Sixth Circuit under § 2244(b) before filing this petition, even though it was filed pursuant to 28 U.S.C. § 2241. *Id.* at 338.

In addition, Petitioner's position that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas

petitions contained within 28 U.S.C. § 2244(b)(3)(A). *See Clark v. Milyard,* 341 F. App'x 353, 354 (10th Cir. 2009).

In sum, because Petitioner has previously filed a habeas petition with the federal courts challenging his conviction, which was denied on the merits, Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals. Accordingly, the Clerk of Court is **ORDERED** to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

IT IS SO ORDERED.

Dated: January 19, 2023       s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2023.

                            s/William Barkholz
                            WILLIAM BARKHOLZ
                            Case Manager